ZAZZALI, FAGELLA, NOWAK, KLEINBAUM & FRIEDMAN
15 West 72nd Street, Suite 26-C
New York, New York 10023
(973) 623-1822
KN 7261

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 11 |
| | | |
| SELECT NUTRITION DISTRIBUTORS, INC., | : | CASE NOS. 801-80904-478 |
| F/K/A SUPER-NUTRITION DISTRIBUTORS, | | THROUGH 801-80906-478 |
| INC., SELECT NUTRITION DISTRIBUTORS, | : | (JOINTLY ADMINISTERED) |
| WEST, INC., F/K/A SUPER-NUTRITION | | |
| DISTRIBUTORS WEST, INC. AND SELECT | : | |
| NUTRITION DISTRIBUTORS EAST, INC., | | |
| f/k/a SUPER-NUTRITION DISTRIBUTORS | : | |
| EAST, INC., | | |
| | : | ADV. PROC. NO. _____ |
| Debtors. | | |
| | : | |
| ANTHONY R. CALASCIBETTA, | : | |
| Class 8 Trustee, | | |
| | : | |
| Plaintiff, | | |
| | : | |
| v. | : | |
| | | |
| ALACER CORP, | : | |
| | | |
| Defendant | : | |

---

**COMPLAINT FOR AVOIDANCE AND RECOVERY OF**
**PREFERENTIAL TRANSFERS**
**PURSUANT TO SECTIONS 547 AND 550 OF THE BANKRUPTCY CODE**

---

Anthony R. Calascibetta, the Class 8 Trustee (the "Trustee") under the above-captioned

Debtors' confirmed Fourth Amended Plan of Reorganization, by and through his attorneys, Kenneth I. Nowak, Esq. (Zazzali, Fagella, Nowak, Kleinbaum & Friedman), by way of Complaint against Alacer Corp. says as follows:

## JURISDICTION AND VENUE

1. This Adversary Complaint (the "Complaint") is filed pursuant to 11 U.S.C. §§ 547 and 550 of the Bankruptcy Code (the "Bankruptcy Code") and Federal Rules of Bankruptcy Procedure 7001 and 4007 regarding avoidance and recovery of preferential payments and transfers.

2. This Court has jurisdiction over this Adversary Proceeding pursuant to 28 U.S.C. § 1334(b) because this is a core proceeding arising under Title 11, it involves the enforcement of rights granted under the Bankruptcy Code, and because of the Order pursuant to Bankruptcy Amendments and Federal Judgeship Act of 1984, referring all "core" proceedings arising under Title 11, and all proceedings that are "non-core" proceedings, but otherwise related to a case under Title 11. By virtue of 28 U.S.C. § 157(a), this Adversary Proceeding was automatically referred to the United States Bankruptcy Court for the Eastern District of New York.

3. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157(b)(2)(A), (E), (F), and (O). Pursuant to Federal Rule of Bankruptcy Procedure 7008, Plaintiff consents to the entry of final Orders and Judgment by the Bankruptcy Court.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1409(a).

## BACKGROUND

5. Select Nutrition Distributors, Inc. F/K/A Super-Nutrition Distributors, Inc., Select

Nutrition Distributors West, Inc., F/K/A Super-Nutrition Distributors West, Inc., and Select Nutrition Distributors, East, Inc., F/K/A Super-Nutrition Distributors East, Inc. (the "Debtors"), filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 et. seq. (the "Bankruptcy Code") on February 8, 2001 (the "Petition Date").

6. On September 17, 2001, the Court entered an Order Confirming the Debtors' Fourth Amended Joint Plan of Reorganization (the "Plan").

7. Pursuant to the Plan, the Debtors, Reorganized Select, as defined in the Plan, and the Trustee entered into the Class 8 Distribution Trust Agreement, as defined in the Plan, (the "Trust Agreement").

8. Pursuant to the Plan and the Trust Agreement, the Trustee was appointed to, *inter alia*, (a) institute or continue actions to recover preferential transfers subsequent to the effective date of the Plan which were or otherwise could have been brought by the Debtors prior to the confirmation of the Plan, as provided and described in the Plan, and (b) prosecute or defend any appeals of such actions to recover preferential transfers on behalf of the Debtors' estate.

## THE PARTIES

9. The Plaintiff, Anthony R. Calascibetta, is the Trustee appointed under the Trust Agreement and the Plan.

10. Defendant is, upon information and belief, a corporation which conducts business at 19631 Pauling, Foothill Ranch, CA 92610.

11. The Debtors operate a wholesale distribution network of vitamins, nutritional supplements and other related products. The Debtors have executive offices located in East Meadows, New York. The Debtors operate from warehouses in Philadelphia, Pennsylvania and

Visalia, California.

12. Prior to the Petition Date, the Debtors would purchase vitamins, nutritional supplement products and other related products from various suppliers. The products were sold by the Debtors in their wholesale distribution operations.

13. In accordance with various purchase orders, the Debtors purchased product from the Defendant prior to the Petition Date.

14. Prior to the Petition Date and within ninety (90) days, the Defendant received from the Debtors payments in the aggregate amount of approximately $176,421.15.

15. Debtors were insolvent at all times during the ninety (90) days prior to the Petition Date.

16. Prior to the Petition Date, the Debtors continued to operate their business affairs, including the issuance and payment of checks and other transfers to certain creditors in the ninety (90) days prior to commencing the bankruptcy case.

17. Defendant was a creditor of Debtors before and on the Petition Date.

18. During the ninety (90) day period prior to the Petition Date, the Debtors issued certain checks and payments to the Defendant in payment of certain of the Defendant's invoices having a total amount of $176,421.15. Each of said payments ("Transfers") cleared the Debtors' bank account upon which the pertinent checks were drawn or Transfers were made during the ninety (90) day period prior to the Petition Date.

**FIRST COUNT**

19. The Plaintiff alleges that each of the Transfers constituted a preference within the meaning of 11 U.S.C. § 547, as further set forth below.

20. Each of the Transfers was made for, or on account of, an antecedent debt owed by the Debtors to the Defendant before such transfer was made.

21. The Debtors were insolvent at the time of each of the Transfers.

22. The effect of the Transfers enabled Defendant to receive more than it would receive if (a) the case was a case under Chapter 7 of Title 11 of the United States Code (b) the Transfer had not been made, and (c) Defendant received payment of the antecedent debt to it by the Plaintiff to the extent provided by the provisions of Title 11 of the United States Code.

23. The Transfers were preferential to Defendant within the meaning of 11 U.S.C. § 547(b) and the Plaintiff is entitled to avoid the Transfers.

24. The Plaintiff is entitled to recover an amount equal to the total amount of the Transfers (net of "subsequent new value" as set forth in ¶25) to the Defendant, as the initial transferee of the Transfers pursuant to the terms of 11 U.S.C. §§ 550 and 1107(a).

25. The total amount of the Transfers net of any credit due to the Defendant for "Subsequent New Value" given by Defendant to the Debtors in the form of "Product Deliveries" which were made after the pertinent date or dates of one or more of the Transfers or for which Defendant did not receive payment from Debtors prior to the Petition Date, pursuant to 11 U.S.C. § 547(c)(4)(b) is $140,933.17("Avoidable Transfers").

26. The Plaintiff has been damaged in an amount equal to the dollar value of the Avoidable Transfers, together with interest, attorney's fees, and costs of suit and collection.

WHEREFORE, the Plaintiff demands judgment against the Defendant (i) for the avoidance and recovery of the Avoidable Transfers as preferences pursuant to 11 U.S.C. § 547(b), (ii) for entry of judgment against Defendant as the initial transferee of the preferential

Transfers under 11 U.S.C. § 550(a)(1) in the amount of the avoided Avoidable Transfers (iii) for interest, attorney's fees and costs of suit and collection and (iv) for such other relief as the Court deems just and equitable.

                                      Respectfully submitted,

                                      ZAZZALI, FAGELLA, NOWAK,
                                      KLEINBAUM & FRIEDMAN
                                      Attorneys for the Class 8 Trustee

                                      By:   s/Kenneth I. Nowak
                                             KN 7261

Dated: February _____ , 2003